IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CHRISTOPHER D. MALLETT and GUY<br>ALLEN,<br><br>                    Defendants. | **4:11CR3087**<br><br>**MEMORANDUM AND ORDER** |

Defendant Christopher Mallett moves for an order severing his trial from the trial of his co-defendant, Guy Allen.  Mallett claims a consolidated trial will prejudice Mallett because the jury may hear evidence of witness tampering by Allen, and it may attribute this wrongful conduct to Mallett as well.  (Filing No. 102).

The trial of this case was continued to permit the parties to further investigate the allegations of witness tampering and any culpability by Allen and Mallett for this conduct.  With the agreement of counsel for the parties, Mallett's motion to sever has been submitted on written evidence filed by the government.  (Filing No. 132).  The motion to sever is now fully submitted.

Based on the evidence and arguments of record, Mallett's motion to sever will be denied.

STATEMENT OF FACTS

The second superseding indictment alleges that between June 2009 and February 19, 2012, co-defendants Allen, Mallett, and Terrelle L. Tyler knowingly and intentionally conspired to distribute crack cocaine in Nebraska.  Guy Allen was arrested during a traffic stop conducted on June 28, 2010.  (Filing No. 132-1).

Following his arrest, during the early morning hours of June 29, 2010, Guy Allen allegedly made five phone calls from the jail, the first to advise "Angie" that he was arrested.  (Filing No. 132-9).  According to the documents of record, Angie allegedly responded by asserting "Darrin" (Darrin Allen, Guy Allen's brother) would "tear this . . . town up" to find out who "set up" his brother, and during the course of phone calls thereafter, Guy Allen and "Sherry" (Guy Allen's girlfriend) discussed their belief that "Vernett and Red" were behind Guy Allen's arrest; contacted "Terrelle;" and attempted to contact "Chris."  Darrin Allen had allegedly gone to Vernett's house; and Guy Allen wanted someone to find "Red."  (Filing No. 132-9).  "Red" is Anthony Hollman; Red's ex-girlfriend is Vernett Byron.  (Filing No. 132-2).

In November of 2010, Hollman and Byron told the police that they believed Darrin Allen was looking for and intended to harm Hollman because Guy and Darrin Allen believed Hollman was responsible for Guy Allen's arrest.  (Filing No. 132-2). Hollman and Byron described three encounters between Byron and Darrin Allen; the first occurring when Darrin Allen arrived at Byron's home on the night of the Guy Allen's arrest, the second occurring when Darrin Allen and three other black males (including one suspected to be co-defendant Terrelle Tyler) came to Byron's home looking for Hollman, and the third occurring when Darrin Allen parked outside and watched Byron's residence.  (Filing No. 132-2 & Filing No. 132-3).  Based on her statements as of August 12, 2012, Byron is not willing to testify against Guy Allen.  (Filing No. 132-3).

In March of 2012, Sherry sent a letter to Melvin Jackson, while he was in state custody.  For a period of time, Melvin Jackson was held in the same jail pod as Terrelle Tyler. Sherry's letter to Jackson encouraged him to tell the truth and not implicate not Guy Allen in drug distribution activity.  (Filing No. 132-4).  During the same time period, Guy Allen was in custody and trying to contact other inmates to convince them not to

testify against him.   (Filing No. 132-5).   As of August 2012, Melvin Jackson is not willing to testify against Guy Allen, explaining: "I'm in the penitentiary. No one here can protect me."  (Filing No. 132-6).

Government witness Randy Conway previously stated he bought crack cocaine from Guy Allen, but he now denies any drug sales with Guy Allen.  (Filing No. 132-8). When asked about this discrepancy. Conway explained that his mother received a phone call in the middle of the night asking when Randy would be out and back home.  Conway stated his mother interpreted the phone calls as an attempt to threaten or intimidate her because Conway was planning to testify against Guy Allen, and Conway's mother is concerned for her safety.   (Filing No. 132-8).   Conway also stated Guy Allen had personally contacted Conway about his testimony while Conway and Guy Allen were in custody together.   Conway explained that "Guy Allen and Christopher Mallett know killers" and would not be afraid to use them, they "look down on users," there are "young drug dealers out there who would like to make a name for themselves," and the "threat of Allen and Mallett hiring killers is a possibility."  (Filing No. 132-7).

## LEGAL ANALYSIS

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

> Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

Fed.R.Crim.P. 8.   Guy Allen and Christopher Mallett are indicted for allegedly participating in the same illegal act or acts; that is, conspiring together to knowingly and

intentionally distribute crack cocaine.  Thus, under Rule 8(b), Guy Allen and Christopher Mallett are properly joined as defendants.

However, even when joinder is proper under Rule 8, pursuant to Rule 14 of the Federal Rules of Criminal Procedure a judge may order severance if joinder at trial will prejudice the defendant.  United States v. Wadena, 152 F.3d 831, 849 (8th Cir. 1998). Rule 14 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

Fed.R.Crim.P. 14.

The indictment against Guy Allen and Christopher Mallett alleges that the defendants were involved and participated in the same illegal drug distribution conspiracy.

> With respect to coconspirators, joinder may be proper where there is an overall scheme in which each conspiracy member participated. . . Importantly, not every defendant joined must have participated in every offense charged. . . Rather, in general, persons charged in a conspiracy or jointly indicated on similar evidence from the same or related events should be tried together.

U.S. v. Thompson, 690 F.3d 977, 988 (8th Cir. 2012) (internal citations and quotation marks omitted).  "A defendant is entitled to severance only if he shows that prejudice would result from a joint trial."  U.S. v. Sanchez-Garcia, 685 F.3d 745, 754 (8th Cir.

2012).   To warrant severance, a defendant must show "real prejudice," that is, "something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." U.S. v. Elder, 682 F.3d 1065, 1074 (8th Cir. 2012) (quoting United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004)).

A defendant can prove real prejudice to his right to a fair trial by showing that either his defense is irreconcilable with that of the co-defendants, or that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants. Sanchez-Garcia, 685 F.3d at 754.  However, "severance is not required merely because evidence that is admissible only against some defendants may be damaging to others." U.S. v. Casteel, 663 F.3d 1013, 1019 (8th Cir. 2011).  A motion for severance may be denied even when "not every joined defendant has participated in every offense charged," (Thompson, 690 F.3d at 988), or there is "varying strength in the evidence against each defendant." United States v. Lee, 374 F.3d 637, 646 (8th Cir. 2004)(internal citations omitted).  The risk of prejudice in a joint trial is best addressed by jury instructions which direct the jury to give separate consideration to the evidence as to each individual defendant. Sanchez-Garcia, 685 F.3d at 754.

The government has filed the evidence it currently has regarding the issue of witness tampering.  If this evidence is presented to the jury, the jury could determine that Guy Allen, either directly or through others, has used threats of harm to dissuade witnesses from testifying against him.  But although "Chris" was mentioned during a phone call, and Conway believes Guy Allen and Christopher Mallett could injure him or his mother if Conway testifies against the defendants, if the government's evidence is received at trial, the jury must decide if the "Chris" identified during the phone calls is defendant Mallett, and if Mallett actually threatened harm to disrupt the prosecution of this case.  A properly instructed jury is capable of recognizing the distinction between Guy Allen's alleged conduct and that of Mallett and Conway's perception of a threat and

5

any evidence of actual threatening behavior.   In accordance with their different assessments of the evidence, the jury is capable of complying with the instructions at trial and ruling separately as to Allen and Mallett.

Mallett has failed to prove he will be prejudiced if his trial is not severed from Guy Allen's.  His motion to sever will be denied.  See, e.g., Casteel, 663 F.3d at 1019 (finding the defendant failed to prove his trial should have been severed from that of a co-defendant who engaged in witness tampering where the judge instructed the jury to "give separate consideration to the evidence about each charge against each Defendant").

Accordingly,

IT IS ORDERED:

1)      Christopher Mallett's motion to sever, (Filing No. 102), is denied.

2)      The trial of this case as to Defendants Christopher Mallett and Guy Allen is set to commence before the Honorable Richard G. Kopf, in Courtroom 1, United States Courthouse, Lincoln, Nebraska at 9:00 a.m. on November 5, 2012, or as soon thereafter as the case may be called, for a duration of five (5) trial days.  Jury selection will be held at commencement of trial.

October 9, 2012

s/ Cheryl R. Zwart
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.