IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. GUY E. ALLEN, TERRELLE L. TYLER, CHRISTOPHER MALLETT, Defendants. | 4:11CR3087 FINDINGS, RECOMMENDATION AND ORDER |

This matter is before the court on defendant Guy E. Allen's motion to dismiss, (Filing No. 155), for violation of his statutory and constitutional right to a speedy trial. For the reasons set forth below, the motion should be denied.

BACKGROUND

On August 24, 2011, Guy E. Allen was indicted for allegedly conspiring with "other persons known and unknown" to distribute 280 grams or more of a mixture and substance containing cocaine base. Allen initially appeared on September 1, 2011 and entered a plea of not guilty. (Filing No. 12). Trial was set for November 7, 2011. (Filing No. 15). However, Allen later moved to extend the time for filing pretrial motions, (Filing No. 20), and waived his right to a speedy trial with regard to the requested additional time for filing pretrial motions, (Filing No. 21). Allen also requested a change of plea hearing, but later continued the hearing and eventually cancelled the hearing and requested a trial. (Filing No. 30). Trial was set for February 27, 2012. (Filing No. 30).

A superseding indictment (the "First Superseding Indictment") was filed against Allen on February 23, 2012. The First Superseding Indictment alleged Allen conspired with Terrelle Tyler and Cedric Williams to distribute 280 grams or more of a substance containing cocaine base, (Filing No. 36), from June 1, 2009 to February 19, 2012. Allen's initial

appearance on the First Superseding Indictment was held on March 8, 2012, and he entered a plea of not guilty. The jury trial was scheduled for May 14, 2012, (Filing No. 52).

That same day, as a separate case, Christopher Mallett was indicted for conspiring to distribute 280 grams or more of a substance containing cocaine base from June 1, 2009 to February 19, 2012. (Case no. 4:12cr3023, Filing No. 1). Mallett initially appeared on March 23, 2012 and entered a plea of not guilty. Like Allen, Mallett's trial was scheduled for May 14, 2012. (Case no. 4:12cr3023, Filing No. 12).

On April 27, 2012, Allen moved to continue the May 14, 2012 trial date. (Filing No. 61), explaining:

> The Defendant has been named as a co-Defendant in the Superseding Indictment herein, thereby causing additional discovery documents to be served upon the Defendant's attorney. Defendant has requested that he be allowed additional time to review the allegations set forth in the investigative reports with his attorney. . . The Defendant waives his speedy trial rights with regard to this continuance.

(Filing No. 61). On May 2, 2012, Allen's motion was granted and the trial was rescheduled for July 16, 2012. (Filing No. 63). The time between May 2, 2012 and July 16, 2012, was expressly excluded from any computation of time under the Speedy Trial Act. (Filing No. 63). Likewise, Mallet's trial was also continued until July 16, 2012.

A second superseding indictment (the "Second Superseding Indictment") was filed on June 19, 2012. (Filing No. 74). The Second Superseding Indictment parroted the allegations of the First Superseding Indictment but added Mallet as a named co-conspirator; that is, the Second Superseding Indictment alleged Allen, Mallet, and Terrelle Tyler conspired to distribute 280 grams or more of a substance containing cocaine base from June 1, 2009 to February 19, 2012.[1] (Filing No. 74). The initial appearances on the Second Superseding

---

[1] Defendant Cedric Williams, who was named in the original and first superseding indictments, had entered a plea of guilty before the Second Superseding Indictment was filed. (Filing No. 72).

2

Indictment were held on July 3, 2012. (Filing No. 79). Trial was set to commence on August 7, 2012. (Filing No. 79).

On July 20, 2012, codefendant Tyler requested a change of plea hearing. (Filing No. 84). Tyler's change of plea hearing was held on July 26, 2012, after which the undersigned magistrate judge recommended that Judge Kopf accept Tyler's plea of guilty. (Filing No. 92). On August 22, 2012, Judge Kopf accepted Tyler's guilty plea and sentenced him to a term of incarceration. (Filing No. 119).

On July 31, 2012, Mallet filed a motion to sever his case from Allen's. (Filing No. 101). On October 9, 2012 the undersigned denied Mallet's motion and set trial as to Allen and Mallet for November 5, 2012. (Filing No. 136) On October 25, Allen filed the motion to dismiss which is currently at issue. (Filing No. 155).

## LEGAL ANALYIS

Allen claims his statutory right and constitutional right to a speedy trial have been violated.

**A.  Speedy Trial Act.**

The Speedy Trial Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such a charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). Time may be excluded from this calculation for specific periods of delay provided for in 18 U.S.C. § 3161(h). Actions triggering these permissible exclusions include "[a]ny period of delay resulting from other proceedings concerning the defendant"

including delay from pretrial motions, and delay attributable to any period "during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1).

In addition, when a superseding indictment is filed to join defendants who were previously separately indicted on essentially the same charges, the parties adopt the speedy trial clock with the longest remaining time left. See United States v. Lightfoot, 483 F.3d 876 (8th Cir. 2007). When defendants whose speedy trial clocks have begun to run are joined for trial, "the pertinent question is which defendant (or defendants) has the most speedy trial time remaining." Id. at 886. Where multiple defendants have been joined and the cases have not been severed, exclusions attributable to one defendant apply to all of his or her codefendants. See United States v. Arrellano-Garcia, 471 F.3d 897, 900 (8th Cir. 2006)(time excluded as to one defendant is excluded as to the codefendant).

Allen alleges this case must be dismissed under the Speedy Trial Act. The parties have stipulated that for the purposes of the Speedy Trial Act:

- Allen's speedy trial clock began on February 23, 2012, the date of the First Superseding Indictment; and

- As of the defendants' initial appearance on the Second Superseding Indictment, Allen had the most time remaining on the Speedy Trial clock, with 36 days accrued and 34 days remaining.

Thus, the speedy trial act question to be addressed is whether 34 days of excludable time accrued between Allen's initial appearance on the Second Superseding Indictment and the filing of his motion to dismiss.

- July 3, 2012 through July 16, 2012.

Allen and his codefendants made their initial appearances on the Second Superseding Indictment on July 3, 2012. However, as part of the proceedings on the First Superseding Indictment, Allen had already requested a continuance of his trial

4

set for May 14, 2012, and as to the time between the motion to continue and July 16, 2012 (the new trial date on the First Superseding Indictment), Allen had waived his right to a speedy trial. Therefore, as to the First Superseding Indictment, the time between May 2, 2012 and July 16, 2012 was expressly excluded from any Speedy Trial Act computation at Allen's request. (Filing No. 63).

Allen argues that once the Second Superseding Indictment was filed, the First Superseding Indictment, and any waivers of time associated with it, were rendered void and have no impact on calculating the time accrued on the Second Superseding Indictment. Allen therefore argues the time beginning on July 4 (the day after his arraignment) and through July 16, though excluded on the First Superseding Indictment, must be counted against the clock on the Second Superseding Indictment.

Allen is incorrect. If a superseding indictment does not affect the speedy trial timetable charged in the original indictment, a speedy trial waiver will extend to the new indictment. See United States v. Marshall, 935 F.2d 1298, 1302 (D.D.C. 1991). In Marshall a defendant waived his right to a speedy trial on his initial indictment. The government filed a superseding indictment amending one of the counts of the original indictment. Marshall moved to dismiss his case arguing his right to a speedy trial was violated. In so holding, the court found "[a]ssuming . . . that the original speedy trial period applies to the new charge . . . we see no reason why his waiver extending [the speedy trial period] should not likewise attach to the new charge." Id. at 1302.

Allen relies upon United States v. Van Someren, 118 F.3d 1214, 1219 (8th Cir. 1997), wherein the court determined that a superseding indictment had the same effect as dismissing the previous indictment and filing a new indictment. The court determined that the time between the filing of the superseding indictment and the arraignment on the superseding indictment was, therefore, excludable. But Van Someren case does not address the situation now before the court; that is, Van

5

Someren did not consider whether a defendant's waiver of time on a prior indictment remains waived after the filing of the superseding indictment alleging the same crime.

In essence, Allen argues the Second Superseding Indictment is not sufficiently different from the First Superseding Indictment to initiate a new 70-day speedy trial clock, but the Second Superseding Indictment is sufficiently new so as to eliminate Allen's previous waiver of his right to a speedy trial on essentially identical charges. He cannot have it both ways. If the speedy trial time period began to run with the First Superseding Indictment, the defendant's waiver of time on the First Superseding Indictment also applies to the Second Superseding Indictment alleging the same criminal activity. Marshall, 935 F.2d at 1302; see also United States v. Roman, 822 F.2d 261, 265-66 (2d Cir. 1987) (noting exclusions granted under the first indictment apply to a superseding indictment where the speedy trial clock does not reset); United States v. Gonzales, 897 F.2d 1312, 1316 (5th Cir. 1990)(all speedy-trial exclusions apply as if no superseding indictment has been returned).

Based on Allen's motion to continue the trial on the First Superseding Indictment, his waiver of the additional days caused by the continuance, and the court's associated exclusion of time, the time between July 4 and July 16, 2012 is excluded for Speedy Trial Act purposes.

- July 17 through July 19, 2012.

No proceedings or motions were pending from July 17 through July 19, 2012. Three (3) days accrued during that time period, with 31 days remaining on the clock.

- July 20, 2012 through August 22, 2012.

6

On July 20, 2012, Terrelle Tyler, one of Allen's codefendants, requested a change of plea hearing. Allen argues that the time between co-defendant Tyler's request for a change of plea and the ultimate acceptance of that plea should not be excluded from the calculation of time under the Speedy Trial Act. He argues in essence, that because Tyler's request to set a change of plea hearing was granted the same day he filed the motion, July 20, 2012, only that day should be excluded for Speedy Trial Act purposes.

There are at least two problems with Allen's argument. First, based on 18 U.S.C. § 3161(h)(7) and to serve the "ends of justice," the order setting Tyler's change of plea hearing specifically excluded the time between July 20, 2012 and Tyler's anticipated plea of guilty. (Filing No. 84). No party objected to the exclusion of time. Moreover, the time between the day Tyler requested a plea hearing (July 20, 2012) and Tyler's plea hearing (July 26, 2012) was properly excluded by operation of 18 U.S.C. § 3161(h)(1), which excludes delays resulting from "proceedings concerning the defendant," and that time is excluded not only as to Tyler, but also as to his codefendants. U.S. v. Arrellano-Garcia, 471 F.3d 897, 900 (8th Cir. 2006). Tyler's plea proceedings remained pending until Tyler's plea of guilty was accepted by Judge Kopf on August 22, 2012. 18 U.S.C.A. § 3161(h)(1)(H) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

The time between July 20, 2012 and August 22, 2012 was excludable as to all of the defendants – including Allen.[2] See Arrellano-Garcia, 471 F.3d at 900 (time excludable upon the entry of an order setting a change of plea hearing and the acceptance of the codefendant's plea was excludable as to the defendant); United

---

[2] While Tyler's change of plea was under consideration, codefendant Mallet filed a motion to sever which was not resolved until October 9, 2012. Thus, even after Tyler's plea was accepted, Allen's clock continued to be tolled.

7

States v. Patterson, 140 F.3d 767, 772 (8th Cir. 1998)(time excludable to one defendant applies to all codefendants).

- July 25, 26, 30, and 31, 2012.

In addition to excluding the time due to Tyler's plea proceedings, the government filed a sealed motion on July 25, 2012, (Filing No. 86), which was granted that same day, (Filing No. 87); filed a motion for a pretrial conference on July 26, 2012, (Filing No. 88), which was granted the same day, (Filing No. 94); and filed motions for writs on July 30, 2012, (Filing Nos. 96 and 97), which were granted on July 31, 2012.  July 25, 26, 30, and 31 must there be excluded under the Act due to the filing and pendency of the government's pretrial motions.

- July 31, 2012 through October 9, 2012.

On July 31, 2012, Christopher Mallet, another of Allen's codefendants, moved to sever his case from the remaining codefendants which, in turn, stopped the speedy trial clock as to Allen.  See Arrellano-Garcia, 471 F.3d at 900.   Mallet's motion was ruled on by the undersigned on October 9, 2012.  Thus, the time between July 20, 2012 (the date of Tyler's request to set a change of plea) and October 9, 2012 (the date Mallet's motion to sever was resolved) is likewise excludable for speedy trial purposes.

- October 10, 2012 through October 17, 2012.

No proceedings or motions were pending from October 10, 2012 through October 17, 2012.  Eight (8) days accrued during that time period, leaving 23 days remaining on the clock.

- October 18, 2012.

8

On October 18, 2012 the government filed motions for writs of habeas corpus, which were granted the same date. (Filing Nos. 141-50). These motions stopped the clock on the 18th.

- October 19, 2012 through October 24, 2012.

No proceedings or motions were pending from October 19, 2012 through October 24, 2012. Six (6) days accrued during that time period, leaving 17 days remaining on the clock.

- October 25, 2012 through the present.

Allen filed his motion to dismiss now before the court on October 25, 2012. The motion was fully submitted on November 16, 2012 and remains pending. No time has accrued since October 25, 2012.

Based on the foregoing calculations, 53 days have accrued on Allen's speedy trial clock. Even if the court assumes the time from July 4 through July 16 is not excluded because Allen's waiver as to the First Superseding Indictment does not extend to the Second Superseding Indictment, only 66 days have elapsed. The defendant's rights under the Speedy Trial Act have not been violated.

### B. Constitutional Speedy Trial Claim

Allen has brought a separate claim that his constitutional right to a speedy trial has been violated.

Sixth Amendment challenges are reviewed separately from the Speedy Trial Act. <u>United States v. Thirion</u>, 813 F.2d 146, 154 (8th Cir.1987). But this court

>has stated, "It would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." United States v. Titlbach, 339 F.3d 692, 699 (8th Cir.2003). The Sixth Amendment guarantees: "In all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial...." U.S. Const. amend. VI. The Sixth Amendment right "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." United States v. Perez–Perez, 337 F.3d 990, 995 (8th Cir.2003). The Supreme Court has identified four relevant inquiries in a claim involving the Sixth Amendment right to a speedy trial: (1) whether delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for the delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether he suffered prejudice as a result of the delay. Doggett v. United States, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). To trigger speedy trial analysis, the defendant must allege the interval between accusation and trial has crossed a line "dividing ordinary from 'presumptively prejudicial' delay." Id. at 651–52, 112 S.Ct. 2686 (quoting Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)).

United States v. Aldaco, 477 F.3d 1008, 1018-19 (8th Cir. 2007).

      1.     Uncommonly Long Delay

To trigger a speedy trial analysis the defendant must first make a showing that the delay is presumptively prejudicial. If such a showing is made, "the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." Doggett v. United States, 505 U.S. 647, 651 (1991).

Allen made his initial appearance on the federal indictment on August 24, 2011. Although the Eighth Circuit has not drawn a bright line in determining how long of a delay is considered "presumptively prejudicial," in certain cases it has determined that delays of over a year may meet the presumptively prejudicial threshold. See Tiltbach, 339 F.3d at 699. Thus, the fourteen-month delay experienced in this case is presumptively prejudicial.

      2.     Responsibility for Delay

In determining which party is more to blame for the delay, the court will consider the extent to which the government diligently sought prosecution. "A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the government." Doggett, 505 U.S. at 652. Conversely, delay caused by the defendant or his counsel weighs against the defendant. Vermont v. Brillon, -- U.S. --, 129 S.Ct. 1283, 1290-91 (2009).

There is no evidence the government has been less than diligent in prosecuting this case. However, much of the delay can be attributable to Allen. Allen was considering changing his plea and on October 26, 2011, requested a change of plea hearing. The court set the hearing and excluded the time between the request and the anticipated plea of guilty for speedy trial purposes. On December 14, 2011, Allen requested a continuance of the change of plea hearing. The hearing was continued until December 22, 2012. At the December 22, 2012 hearing, Allen requested the court set the matter for trial. Trial was set for February 27, 2012 and the time between December 22, 2012 and February 27, 2012 was excluded. Allen did not object to that order.

On January 11, 2012, the Federal Public Defender representing Allen filed a motion to withdraw due to a conflict. The motion was granted that same day. Allen's current counsel entered an appearance on January 17, 2012, and moved to continue the trial on January 26, 2012. Allen agreed to waive his speedy trial rights with respect to the delay caused by the motion. (Filing No. 34). The motion was granted, the new trial was set for March 26, 2012, and the time between the order and the new trial date was excluded for speedy trial purposes. The First Superseding Indictment was filed on February 23, 2012. On April 27, 2012, Allen again moved to continue his trial and waived his speedy trial rights. A corresponding order was entered excluding the time between April 24, 2012 and July 16, 2012 – the new anticipated date of trial.

In short, much of the delay experienced in this case was due to motions filed by Allen and/or his counsel. In apparent recognition of this fact, Allen waived his speedy trial rights

11

for several months at a time and only attempted to assert his rights one time – on October 25, 2012. There is no evidence that the government has promoted delay to gain any sort of tactical advantage or to deliberately hamper Allen's defense. To the contrary, the government requested and served writs in preparation for trial in March, July, and October, but trial continuances were granted each time due to new case developments and newly filed motions. Accordingly, the second factor weighs heavily against Allen.

 3. Assertion of Right

Under the third Barker factor, the defendant must establish that he properly asserted his right to a speedy trial. In this case, this factor is not particularly helpful to Allen. While it is true Allen eventually asserted his right to a speedy trial, he also expressly waived his right to a speedy trial on multiple occasions on the earlier indictments alleging similar counts. Thus, while Allen has met this requirement, it does not weigh heavily, if at all, in his favor.

 4. Prejudice

The final Barker factor – prejudice – is intended to (1) protect against pretrial incarceration, (2) minimize anxiety and concern of the accused, and (3) limit the possibility that the defense will be impaired. Barker, 407 U.S. at 532. The burden is on the defendant to demonstrate actual and substantial prejudice. See, e.g., United States v. Brockman, 183 F.3d 891, 895 (8th Cir. 1999). Allen argues that trial delay caused prejudice to his case because a witness Allen intended to call for impeachment purposes died on September 22, 2012. But a missing or unavailable witness who would provide impeachment testimony is generally not viewed as sufficient "to establish the prejudice to [the defendant's] defense required by Barker." Smith v. Mabry, 564 F.2d 249, 253 (8th Cir. 1977) (holding a missing witness must be one who could provide "material evidence for the defense").

Further, Allen has not made a showing that the anticipated impeachment testimony of the deceased witness is unavailable through another source. Brockman, 183 F.3d at 895. Simply put, Allen has not met his burden to show he was sufficiently prejudiced by the delay to implicate his constitutional right to a speedy trial.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to dismiss filed by Guy E. Allen, (filing no. 155), be denied in all respects.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS FURTHER ORDERED, the trial of this case is set to commence before the Honorable Richard G. Kopf at 9:00 a.m. on December 18, 2012, or as soon thereafter as the case may be called, for a duration of nine (9) trial days, in Courtroom 1, United States Courthouse, Lincoln, Nebraska. Jury selection will be held at commencement of trial.

Dated this 3rd day of December, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

13