IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:11CR3087 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GUY E. ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on Magistrate Judge Zwart's findings and recommendation. (Filing 173.) On December 5, 2012, Defendant Guy E. Allen ("Allen") gave oral notice of his objection to the findings and recommendation (*see* filing 181) and later filed a brief in support of his objection (filing 186). Judge Zwart recommends that Allen's motion to dismiss (filing 155) be denied.

    I have conducted a de novo review of the record. I find that inasmuch as Judge Zwart has fully, carefully, and correctly found the facts and applied the law, Judge Zwart's findings and recommendation should be adopted and Allen's motion to dismiss should be denied. For the reasons discussed by Judge Zwart, and for the additional reasons set forth below, each of Allen's arguments lacks merit.

    *Argument One, Part A*: Judge Zwart determined that the time period between July 4, 2012, and July 16, 2012, should be excluded because Allen moved to continue his trial from May 14, 2012, until July 16, 2012, and expressly excluded the time between these dates for speedy trial calculation purposes. Allen cites to *United States v. Van Someran* to argue that because this motion was made under a First Superseding Indictment, and a Second Superseding Indictment was later filed, it would be unfair and illogical to allow his previous speedy trial waiver to continue or carry over. 118 F.3d 1214, 1219 (8th Cir. 1997) (concluding that the filing of "a superseding indictment has the same effect as dismissing an original indictment and filing a new indictment"). Allen specifically states that the Second Superseding Indictment

effectively dismissed the First Superseding Indictment and argues that his speedy trial clock began anew. However, the Eighth Circuit clarified *Van Someran* in *United States v. Walker*, 363 F.3d 711 (8th Cir. 2004), holding that a "superseding indictment and the original indictment can co-exist." *See also United States v. Vavlitis*, 9 F.3d 206, 209 (1st Cir. 1993) (holding a superseding indictment did not "instantaneously nullify" original indictment; superseding indictment was dismissed mid-trial and trial proceeded on original indictment). In short, Allen's waiver carried over.

*Argument One, Part B*: Judge Zwart excluded July 20, 2012, through July 26, 2012, because it was the time period between an order setting a hearing on Allen's codefendant's request to change plea and the date of his codefendant's entry of a guilty plea. Allen argues Judge Zwart's exclusion was a mistake because a request to change a plea is not a "motion" as contemplated by 18 U.S.C. § 3161(h)(1)(D). This argument lacks merit. *See, e.g., Coviello v. United States*, 287 Fed. App'x 503, 507 (6th Cir. 2008) (considering "[a] notice of change of plea [as] a motion requiring hearing and, as a result, the time from the filing of the notice of hearing through the conclusion of the plea hearing is excludable."); *United States v. Coleman*, No. 8:07CR211, 2007 WL 2991519, at *1 (D. Neb. Oct. 10, 2007) ("A notice of change of plea is a motion requiring a hearing and, as a result, the time from the filing of the notice of hearing through the conclusion of the plea hearing is excludable."). Moreover, Judge Zwart excluded the time pursuant to 18 U.S.C. § 3161(h)(1)(H), which excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

*Argument Two*: Judge Zwart analyzed Allen's Constitutional speedy trial claim pursuant the factors outlined in *Dogget v. United States*, 505 U.S. 647, 651 (1992), and concluded that he did not have a claim. Allen makes a weak attempt to argue that Judge Zwart's analysis was incorrect. Namely, Allen states that any delays were attributable to the Government and that one of his key rebuttal witnesses has now died and could not testify because of the delays. However, Judge Zwart correctly noted

that Allen requested appointment of a new attorney, waived his speedy trial rights on multiple occasions, and failed to show that the anticipated impeachment testimony of the deceased rebuttal witness was unavailable from another source.

Accordingly,

IT IS ORDERED that:

1. The magistrate judge's findings and recommendation (filing 173) is adopted.

2. The defendant's motion to dismiss (filing 155) is denied in all respects.

DATED this 17th day of January, 2013.

BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.