IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CR3087 |
| | ) | |
| v. | ) | |
| | ) | |
| GUY E. ALLEN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

Guy E. Allen (Allen) filed a Motion to Vacate under 28 U.S.C. § 2255. After initial review[1], I find and conclude the motion is frivolous and the allegations are conclusory. I deny the motion and dismiss it with prejudice.

Allen filed his motion on August 13, 2015. The motion was conclusory. Allen said he needed more time to file a memorandum in support of his motion. I gave him until December 30, 2015, to do so. He failed to do, but instead requested even more time. I denied that request.

I tried the case. A jury convicted Guy E. Allen and Christopher Mallett (who were sometimes referred to as "Pickle" and "Beans," respectively) each of conspiring

---

[1]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

to distribute 280 grams or more of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. All of Allen's grounds have to do with trial counsel's performance. Allen was represented by Greg Damman who is a highly regarded criminal defense lawyer. Damman was appointed under the Criminal Justice Act.

The two-prong *Strickland* standard must be applied. *Strickland v. Washington,* 466 U.S. 668, 694 (1984) (announcing principles for evaluation of claims of ineffective assistance of counsel under the Sixth Amendment). In order to prevail on a claim that defense counsel rendered ineffective assistance of counsel under *Strickland* such that relief is warranted, the claimant must establish two things. He or she must establish (1) that "'counsel's representation fell below an objective standard of reasonableness,'" and (2) that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Nguyen v. United States,* 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland,* 466 U.S. at 688-89).

Regarding the first prong, a judge's "scrutiny of counsel's performance must be highly deferential," and the judge must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Reed v. United States,* 106 F.3d 231, 236 (8th Cir. 1997). In other words, a judge should make "every effort" to "eliminate the distorting effects of hindsight" by examining the lawyer's performance from "counsel's perspective at the time" of the alleged error. *Strickland,* 466 U.S. at 689.

Regarding the second prong, a "reasonable probability" is less than "more likely than not." *Kyles v. Whitley,* 514 U.S. 419, 434 (1995) (citing *Nix v. Whiteside,* 475 U.S. 157, 175 (1986) ("[A] defendant need *not* establish that the attorney's deficient performance more likely than not altered the outcome in order to establish prejudice under *Strickland* "(emphasis added))). But, the showing must be compelling enough to "undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

2

An evidentiary hearing is unnecessary if the claimant makes an insufficient preliminary showing on either or both prongs or the record clearly contradicts the claimant's showing on either or both prongs. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective-assistance-of-counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact").

With the foregoing in mind, even if I assume the nonsensical proposition that Mr. Damman's performance was somehow insufficient, Allen cannot show that he was prejudiced. As Chief Judge Riley observed when writing the unanimous opinion of the Court Appeals affirming Allen's conviction and sentence,

> At trial, ten witnesses, including police officers who had been operating undercover, testified about instances where Allen or Mallett sold crack cocaine, often by either delivering the drug to a certain address or by selling out of a customer's house or apartment. Several witnesses testified Allen, Mallett, and Tyler often sold crack cocaine together, either in pairs or as a group, and often cooperated in making sales.
> . . .
>
> Allen also argues "[t]he evidence as to drug quantity was so vague and uncertain that no reasonable jury could have relied upon it to conclude that a conspiracy involving 280 grams or more of crack cocaine had been proven beyond a reasonable doubt." But Tyler testified to having sold "[a]t least" twenty ounces—about 567 grams—of crack cocaine between January and February of 2011. One witness saw Allen, Mallett, and Tyler together with $2,500 worth of crack cocaine between them. Another witness saw each of these three possessing approximately fourteen grams of crack cocaine on multiple occasions: Allen more than ten times, Mallett about ten times, and Tyler about five times. "Because a defendant in a conspiracy may be 'held responsible for all reasonably

3

> foreseeable drug quantities that were in the scope of the criminal activity that he jointly undertook,' we conclude'' the government presented sufficient evidence for a reasonable jury to determine the conspiracy involved at least 280 grams of crack cocaine.
>
> . . . .
>
> In this case, the evidence was relatively straightforward and strongly linked both Allen and Mallett [a codefendant] in an active drug conspiracy . . . .

*United States v. Mallett*, 751 F.3d 907, 910, 916, 917 (8th Cir. 2014) (citations and footnotes omitted).

One specific argument requires slightly more mention. Allen claims in ground four that his lawyer did not object to Exhibits 18 and 19. Exhibit 18 was 7 grams of crack cocaine found on Allen when he was booked in jail. (Filing no. 279 at CM/ECF pp. 28-29.) Exhibit 19A-D were jail calls, or transcripts of the calls, that came from the recording system at the jail, a recording system that warns the speakers that their conversations can be monitored and recorded. (Filing no. 284 at CM/ECF pp. 12-14.) In those calls, Allen inculpates himself in the sale of drugs. It is true that Mr. Damman did not object to these exhibits (although as to exhibits 19A-D he insisted that the prosecutor lay all the proper foundation).

With regard to ground four, there was no basis to object to any of the exhibits. Certainly, counsel was well advised not to heighten the potency of these exhibits before the jury by having bogus objections overruled. Indeed, counsel did a good job in closing argument of suggesting to the jury that this evidence showed only that Allen was a small-timer and not a conspirator in the sale of large quantities of drugs. (Filing no. 287 at CM/ECF pp 63-64.) But, more to the point, given the other overwhelming evidence against Allen, even if by some magic Damman could have kept the exhibits out, it would not have mattered.

IT IS ORDERED that judgment will be entered for the United States of America and against Defendant Allen providing that he shall take nothing and the Motion to Vacate under 28 U.S.C. § 2255 (filing no. [316](#)) is denied with prejudice. The undersigned does <u>not</u> issue a certificate of appealability.

DATED this 7th day of January, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.